UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY MATHIS-CALDWELL,
        Plaintiff,

v.

Case No. 1:15-cv-532

HON. PAUL L. MALONEY

COMMISSIONER OF SOCIAL
SECURITY,
        Defendant.
        _____/

## **OPINION**

This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). Plaintiff Mary Mathis-Caldwell seeks review of the Commissioner's decision denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act.

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1998). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an

application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 54 years of age on the date of the Administrative Law Judge's (ALJ) decision. (PageID.36, 212.) She obtained her GED and attended two years of college. (PageID.61, 216.) Plaintiff was previously employed as a home health attendant, lab assistant, phlebotomist, medical assistant, and dialysis technician. (PageID.77.) Plaintiff applied for DIB on July 11, 2012, and SSI on August 8, 2012, alleging that she had been disabled since January 1, 2012, due to diabetes, nerve damage in her legs, arthritis in her legs and hips, high blood pressure, chronic pain, difficulty in standing, walking, or sitting for

long periods of time, and difficulty in lifting, twisting, bending, pushing, pulling, and climbing. (PageID.175–77, 185–88, 212, 215.) Plaintiff's applications were denied on September 22, 2012, after which time she requested a hearing before an ALJ. (PageID.89–106, 127–28.) On December 16, 2013, Plaintiff appeared with her counsel before ALJ Daniel Mages for an administrative hearing with testimony being offered by Plaintiff and a vocational expert (VE). (PageID.57–80.) In a written decision dated January 10, 2014, the ALJ determined that Plaintiff was not disabled. (PageID.36–56.) On March 19, 2015, the Appeals Council declined to review the ALJ's decision, making it the Commissioner's final decision in the matter. (PageID.30–32.) Plaintiff subsequently initiated this action under 42 U.S.C. § 405(g).

## ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any

---

[1]
1.  An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. § 404.1520(b));

2.  An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. § 404.1520(c));

3.  If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. § 404.1520(d));

4.  If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. § 404.1520(e));

5.  If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional

point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining the claimant's residual functional capacity (RFC). *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff has the burden of proving the existence and severity of limitations caused by her impairments and that she is precluded from performing past relevant work through step four. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

ALJ Mages determined Plaintiff's claim failed at the fifth step of the evaluation. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 22, 2012, three weeks after her alleged onset date. (PageID.41.) At step two, the ALJ determined Plaintiff had the following severe impairments: (1) degenerative disk disease; (2) degenerative joint disease; (3) hypertension; (4) diabetes; and (5) obesity. (PageID.41.) At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments. (PageID.43–44.) At the fourth step, the ALJ found that Plaintiff retained the RFC based on all the impairments:

> to perform a range of light work (20 CFR 404.1567(b) and 416.967(b)) defined as follows: sitting up to sixty minutes at one time and four hours during an eight-hour workday; standing and walking up to sixty minutes at one time and four hours during an eight-hour

---

capacity must be considered to determine if other work can be performed. (20 C.F.R. § 404.1520(f)).

workday; occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching and crawling; no climbing ladders, ropes or scaffolds; and no work around dangerous moving machinery or at unprotected heights.

(PageID.43.) Continuing with the fourth step, the ALJ determined that Plaintiff was unable to perform any past relevant work. (PageID.50.) At the fifth step, the ALJ questioned the VE to determine whether a significant number of jobs exist in the economy which Plaintiff could perform given her limitations. *See Richardson*, 735 F.2d at 964. The VE testified that there existed approximately 5,377 regional jobs and 268,309 national jobs in the positions of mail clerk, cashier, and inspector, that an individual similar to Plaintiff could perform. (PageID.78–79.) This represents a significant number of jobs. *See Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *McCormick v. Sec'y of Health & Human Servs.*, 861 F.2d 998, 1000 (6th Cir. 1988).

Accordingly, the ALJ concluded that Plaintiff was not disabled at any point from January 1, 2012, through January 10, 2014. (PageID.51.)

## DISCUSSION

### 1. The ALJ Did Not Err In Failing to Request an Opinion for a Psychiatrist or Psychologist.

Plaintiff first argues that, under 42 U.S.C. § 421(h), the ALJ was required to obtain an opinion from a mental health professional regarding Plaintiff's mental impairments. (PageID.634–35.)

At the time of the ALJ's decision, 42 U.S.C. § 421(h) provided:

(h) evaluation of mental impairments by qualified mental professionals.

An initial determination under subsection (a), (c), (g), or (i) of this section that an individual is not under a disability, in any case where there is evidence which indicates the existence of a mental impairment, shall be made only if the Commissioner of Social Security has made every reasonable effort to ensure that a qualified psychiatrist or psychologist has

5

> completed the medical portion of the case review and any applicable residual functional capacity assessment.

42 U.S.C. § 421(h) (2004). Plaintiff contends that the ALJ improperly ignored this requirement in light of her hearing testimony and the fact that her treating physician prescribed her Celexa.[2] (PageID.634–35.)

Section 421(h), however, does not apply to the ALJ's decision. *See Key v. Callahan*, 109 F.3d 270, 274 (6th Cir. 1997) ( noting that the ALJ was not required to comply with section 421(h) because the statute does not apply to the ALJ's decision made at the administrative hearing stage); *see also Plummer v. Apfel*, 186 F.3d 422, 433 (3d Cir. 1999) ("42 U.S.C. § 421(d), which covers hearings before an ALJ, is excluded from § 421(h)'s purview . . . ."); *Powers v. Comm'r of Soc. Sec.*, No. 8:14-CV-304-T-DNF, 2015 WL 1221275, at *6 (M.D. Fla. Mar. 17, 2015) ("[S]ection 421(h) applies to initial determinations, and not to ALJs.") (citing *Sneed v. Barnhart*, 214 F. App'x 883, 886 (11th Cir. 2006); *accord Owen v. Chater*, 114 F.3d 1188, 1997 WL 251918, at *3 (6th Cir. May 13, 1997). "Even where the record contains evidence of a mental impairment, the Sixth Circuit has declined to impose a duty upon an ALJ to consult a mental health expert." *Davenport v. Comm'r of Soc. Sec.*, No. 3:12-CV-44, 2012 WL 6738668, at *7 (S.D. Ohio Dec. 31, 2012) (citing *Boulis–Gashe v. Comm'r of Soc. Sec.*, 451 F. App'x 488, 494–95 (6th Cir. 2011).

Even if Section 421(h) did apply to the ALJ's decision, Plaintiff would fail. In *Marcum v. Commissioner of Social Security*, 205 F.3d 1341, 2000 WL 92262 (6th Cir. Jan. 18, 2000), the Sixth Circuit concluded that an ALJ should consult with a mental health expert "only 'if the claimant brings forth

---

[2]Celexa, or Citalopram, is an antidepressant medication. *Citalopram (Celexa)*, NATIONAL ALLIANCE ON MENTAL ILLNESS (Jan. 2013), https://www.nami.org/Learn-More/Treatment/Mental-Health-Medications/Citalopram-%28Celexa%29.

sufficient evidence to raise an inference that he suffers from a mental impairment.'" *Id.* (quoting *Owen*, 1997 WL 251918, at \*4 (6th Cir. May 13, 1997)). Under the facts of that case, the court determined the plaintiff did not raise an inference that he suffered from a mental impairment when there was a single medical report of depression as well as additional reports of insomnia. *Id.* at \*4. Plaintiff was prescribed medication that was an anti-depressant with sedative effects. At the hearing, the Plaintiff stated he took the drug for his nerves, and that he got "depressed a lot" to the point where he could not work. *Id.*

In this case, the record is similarly sparse regarding any mental impairments. There was no mention of any mental impairment in the list of impairments that Plaintiff initially provided to the Commissioner. (PageID.215.) In fact, as Plaintiff admits, she didn't complain of depression until July 31, 2012, when she told Dr. John Fleming that she was always crying, getting depressed, and not sleeping well. (PageID.337, 630.) The treatment note on this date contains only this subjective complaint, however, and Dr. Fleming found Plaintiff had an intact judgment and appropriate mood. (PageID.338.) On August 28, 2012, although Dr. Fleming found that she still had an intact judgment and appropriate mood, the doctor found that Plaintiff appeared tearful, and he referred her to a social worker "for healthy approaches to her situation." But the record does not state whether Plaintiff ever met with a social worker to discuss these issues, and it contains no treatment records suggesting that any such visit occurred. (PageID.391.)

It appears Plaintiff first obtained treatment on October 14, 2012, from Dr. Fleming. At that visit, Dr. Fleming prescribed clonidine, citalopram, and clonazepam in order to treat Plaintiff's "insomnia depression, and anxiety." (PageID.389.) While remaining treatment records generally document Plaintiff's continued use of the above medications, they do not go into any more detail regarding any mental

impairments, and instead consistently describe Plaintiff as having a normal mood and effect. (PageID.579, 587.) At the hearing, only a brief mention of Plaintiff's anxiety was made, and no allegation of depression was offered. (PageID.73–76.) Indeed, Plaintiff acknowledges that "there was never any diagnosis of depression and anxiety" and Plaintiff "never sought psychological treatment." (PageID.634.)

The Court concludes Plaintiff has failed to satisfy her burden. At bottom, Plaintiff can offer only one treatment note that documents treatment for a mental impairment in any meaningful way. While subsequent documents may demonstrate she continued to take medication, they do not demonstrate that she was limited in any way by these impairments. She continued to show a normal mood and judgment. Such does not rise to the level sufficient to raise an inference of a mental impairment. Accordingly, Plaintiff's first claim of error is rejected.

### 2. Plaintiff's RFC is Supported by Substantial Evidence.

Plaintiff next brings three challenges to the RFC. First, Plaintiff argues that because the RFC found she could only stand and walk for four hours of the day, rather than six, the ALJ was required to assign a sedentary RFC and accordingly find her disabled under the medical-vocational guidelines. (PageID.635–36, 38.) Second, Plaintiff argues she is entitled to relief because the ALJ failed to perform a "function by function" evaluation as required by SSR 96-8P. (PageID.636-37.) Finally, Plaintiff claims the ALJ failed to consider the impact of both her severe and non-severe impairments on her ability to work. (PageID.637–38.) The Court is not convinced.

#### A. A RFC Limiting a Claimant to Four Hours of Standing or Walking is Not Inconsistent with Light Work.

As noted above, the ALJ determined Plaintiff had the RFC for a reduced range of light work.

8

Specifically, the ALJ concluded that Plaintiff could stand and walk for four hours out of the workday. (PageID.43.) Citing to social security regulations, Plaintiff claims that light work requires being able to be on her feet for six hours of the workday. Accordingly, Plaintiff claims she should be found to have a sedentary RFC. The Court is not convinced.

It is true, as Plaintiff points out, that social security rulings define "light work" as involving "a good deal of walking or standing–the primary difference between sedentary and most light jobs." SSR 83–10, Titles II & XVI: Determining Capability to Do Other Work-the Med.-Vocational Rules of Appendix 2, 1983 WL 31251, at *5 (S.S.R., 1983). Indeed, "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." *Id.* at *6. Here, the ALJ found Plaintiff could only be on her feet for four hours of the day. Plaintiff does not argue that this determination is not supported by substantial evidence, but rather that her RFC is inconsistent with the definition of light work.

The Court finds no inconsistency here. The ALJ determined Plaintiff was capable of a limited range–and not full range–of light work.

> Where a claimant's RFC is in between two exertional levels, such as the case here where the ALJ found that [the claimant] could perform a limited range of light work, the grid guidelines, which reflect only common – and not all – patterns of vocational factors, are not binding and are instead used only as an analytical framework. 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(d). In such a situation, a VE is brought in to testify as to whether a significant number of jobs exist in the national economy that a hypothetical individual with the claimant's limitations can perform. See SSR 83-12.

*Anderson v. Comm'r of Soc. Sec.*, 406 F. App'x 32, 35 (6th Cir. 2010). Here, the ALJ did as instructed by SSR 83–12 and obtained the testimony of a VE. (PageID.78–79.) The RFC is thus consistent with the regulations, and the ALJ was not required to assign a sedentary RFC nor find Plaintiff disabled under the

guidelines. *See Greenhaw v. Comm'r of Soc. Sec.*, No. 4:13-CV-00040, 2014 WL 4168508, at *14 (E.D. Tenn. Aug. 20, 2014) (holding that an RFC limiting Plaintiff to four hours of standing or walking did not require a sedentary RFC finding and collecting cases holding the same). Accordingly, Plaintiff's claim of error is denied.

> B. *The ALJ Was Not Required to Conduct a Function by Function Analysis.*

Plaintiff argues that she is entitled to relief because the ALJ failed to perform a "function-by-function" evaluation of her work-related abilities and articulate how the evidence of record supports the RFC determination as required by Social Security Ruling 96–8p. (PageID.636–37.) Social Security Ruling 96–8p provides that in determining a claimant's RFC, the ALJ must "assess [the claimant's] work-related abilities on a function-by-function basis." Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, SSR 96–8p, 1996 WL 374184 at *1 (S.S.R., July 2, 1996).

As the Sixth Circuit has recognized, however, while a "function-by-function analysis is desirable, SSR 96–8p does not require ALJs to produce such a detailed statement in writing." *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547 (6th Cir. 2002) (citation omitted). Rather, "the ALJ need only articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record." *Id.* (citation omitted); *see also Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 729 (6th Cir. 2013) (SSR 96–8p merely requires the ALJ to "address a claimant's exertional and nonexertional capacities and also describe how the evidence supports her conclusions").

The ALJ discussed at length the evidence of record and how such supported the RFC

determination. (PageID.44–50.) Specifically, the ALJ found that Plaintiff's diabetes was under control. (PageID.46.) Despite Plaintiff's complaints of hip pain, she walked with a normal gait, and objective examinations revealed acceptable results. (PageID.46.) The ALJ noted a consultative examination that demonstrated Plaintiff was neurologically intact. (PageID.47.) The ALJ acknowledged that Plaintiff obtained "limited relief" from injections, but noted that after surgery, Plaintiff's back was doing well. (PageID.48.) Plaintiff complained of knee pain, which was treated with injections. (PageID.48.) The ALJ also noted that the record failed to support Plaintiff's allegations of disabling pain. (PageID.49–50). The ALJ's rationale is supported by substantial evidence and is consistent with the authority identified above. Accordingly, the Court finds that the ALJ did not violate SSR 96-8p.

### C.  *The ALJ Adequately Considered Plaintiff's Non-Severe Impairments.*

Plaintiff argues that the ALJ failed to consider the combined effect of her severe and non-severe impairments. (PageID.637–38). The ALJ stated that he considered both Plaintiff's severe and non-severe impairments, and considered all Plaintiff's impairments. (PageID.40, 44.) Given this statement, the ALJ was not required to further elaborate upon his thought processes. *See Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987); *see also Simons v. Barnhart*, 114 F. App'x 727, 734 (6th Cir. 2004) (The ALJ stated that he was obligated to consider all the claimant's symptoms, found that the claimant had an impairment or combination of impairments that were severe, and the lack of a separate discussion of each of the claimant's multiple impairments "does not mean that the [ALJ] did not consider their combined effect.").

Plaintiff bears the burden through step four of the sequential process, the point at which her RFC is determined. The record does not support the argument that Plaintiff's alleged depression or anxiety

imposed on her any limitations greater than those recognized by the ALJ. The ALJ discussed at length the medical evidence in assessing Plaintiff's RFC. The ALJ's RFC determination is supported by substantial evidence and complies with Social Security Ruling 96–8p. Accordingly, this argument is rejected.

## CONCLUSION

For the reasons set forth herein, the Commissioner's decision will be **AFFIRMED.** A separate judgment shall issue.


Dated:     May 11, 2016              /s/ Paul L. Maloney
                                     PAUL L. MALONEY
                                     United States District Judge

imposed on her any limitations greater than those recognized by the ALJ. The ALJ discussed at length the medical evidence in assessing Plaintiff's RFC. The ALJ's RFC determination is supported by substantial evidence and complies with Social Security Ruling 96–8p. Accordingly, this argument is rejected.

## CONCLUSION

For the reasons set forth herein, the Commissioner's decision will be **AFFIRMED.** A separate judgment shall issue.


Dated:     May 11, 2016              /s/ Paul L. Maloney
                                     PAUL L. MALONEY
                                     United States District Judge